# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LARRY BENSON,

      Plaintiff,

vs.                                    No. CIV-07-587 JB/ACT

PRUDENTIAL FINANCIAL, INC., PRUDENTIAL
INSURANCE COMPANY OF AMERICA, and
LARRY H. MILLER MANAGEMENT CO.
LONG-TERM DISABILITY PLAN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Dismiss Plaintiff's Claim for Breach of Fiduciary Responsibility Pursuant to Rule 1-012(B)(6) NMRA, filed July 9, 2007 (Doc. 6)("Motion to Dismiss"). The primary issues are: (i) whether Plaintiff Larry Benson's Second Cause of Action under 28 U.S.C. §§ 1132(a)(3) and 1133 is precluded, because his First Cause of Action under 28 U.S.C. § 1132(a)(1)(B) provides an adequate remedy; and (ii) whether the Court should dismiss Benson's Second Cause of Action because it fails to state a claim for which relief may be granted. Because the Court concludes that Benson's claim under 28 U.S.C. § 1132(a)(1)(B) precludes the action he raises under 28 U.S.C. §§ 1132(a)(3) and 1133, the Court will grant the motion.

## FACTUAL BACKGROUND

While the parties disagree on the conclusions that the Court should draw from the facts, there is little disagreement what those facts are. Moreover, Defendants Prudential Financial, Inc., Prudential Insurance Co. of America, and Larry H. Miller Management Co. Long-Term Disability

Plan (the "Defendants") have acknowledged that, for the purposes of resolving a motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pled facts as true. See Motion to Dismiss at 2 n.1. Accordingly, the Court has relied on Benson's Complaint in outlining the facts pertinent to this motion.

From approximately May 1999 through March 28, 2005, Larry H. Miller Management Company ("Miller") employed Benson as a sales manager for an automobile dealership. See Complaint ¶ 9, at 2, filed June 19, 2007 (Doc. 1). Miller sponsored a long-term disability benefit plan for certain of its employees. See id. ¶ 7, at 2. Defendants Prudential Financial, Inc. and Prudential Insurance Co. of America ("Prudential") were the plan administrator, made all relevant eligibility determinations, and were responsible for paying benefits. See id. ¶ 9, at 2.

In November 2004, Benson became unable to work because of recurring migraine headaches, nausea, and stomach pain. See id. ¶ 10, at 2. After reviewing Benson's application for benefits, Prudential paid Benson short-term disability benefits in November 2004 and began paying long-term disability benefits in February 2005. See id. ¶ 11, at 3.

Prudential terminated Benson's disability benefits on July 12, 2006 with payment of benefits through August 12, 2006. See id. ¶ 14, at 3. Prudential stated that Benson's benefits were terminated because his condition did not prevent him from performing the material and substantial duties of a light-duty occupation. See id.

The summary plan description that Prudential provided to Benson regarding his long-term disability policy coverage indicated that, upon termination of his long-term disability benefits, Benson was entitled to three appeals. See id. ¶ 15, at 3. Each of these appeals was to be heard by an individual who was not involved in the initial benefits determination or in any prior appeal. See

-2-

id.

Benson initiated his first appeal on August 9, 2006.  See id. ¶ 16, at 4.  In association with his appeal, Benson provided documentation of his injuries, including his medical records and opinion letters from his treating physicians.  See id.  Prudential issued a letter rejecting Benson's first appeal and upholding its decision to terminate benefits on October 19, 2006.  See id. ¶ 17, at 4.

Benson initiated a second appeal on January 7, 2007.  See id. ¶ 19, at 4.  On January 19, 2007, Prudential issued a second letter upholding its decision to withdraw benefits and affirming its decision on Benson's first appeal.  See id.  The January 19, 2007 letter advised Benson that Prudential's decision was final and that he had no further right to appeal to Prudential.  See id.

Benson asserts that the same Prudential employee, Nancy L. Pichette, conducted both his first and second appeals.  See id. ¶ 20, at 4.  On May 17, 2007, Benson requested a third appeal; Prudential rejected this request because of a change in the plan, effective January 1, 2005, that limited participants to two appeals of a decision to terminate benefits.  See id. ¶ 21, at 4.  Benson alleges that, upon information and belief, he was never notified of this change in the plan's appellate procedures.  See id.

## PROCEDURAL BACKGROUND

Benson filed his Complaint in this case on June 19, 2007.  Benson's Complaint raises two causes of action under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA").  First, Benson raises a claim for benefits under 29 U.S.C. § 1132(a)(1)(B).  See Complaint ¶¶ 27-33, at 5-6.  Benson's first claim asserts that Benson is entitled to: (i) past and future long-term disability benefits, see id. ¶ 29, at 5; and (ii) a clarification that he has a right to payment

of future long-term disability benefits under the plan, see id. ¶ 32, at 6.

Second, Benson raises a claim for breach of fiduciary responsibility under 29 U.S.C. §§ 1132(a)(3) and 1133.[1]   See Complaint ¶¶ 34-41, at 6-7.   Benson's second claim asserts that Prudential failed to discharge its duties as plan administrator with prudence, for the exclusive benefit of plan participants and beneficiaries, and in accordance with the fiduciary obligations imposed under the plan.   See id. ¶ 36, at 6.   Specifically, Benson summarizes that he "has been denied benefits due to him and has been denied a full and fair review of his claim."   Id. ¶ 38, at 7.   Benson's second claim asserts that Benson "is entitled to a declaration that Prudential is obligated to pay Mr. Benson benefits for his ongoing long-term disability and injunctive relief requiring Prudential to provide such benefits as long as Mr. Benson remains disabled."   Id. ¶ 41, at 7.

The Defendants filed their Motion to Dismiss Benson's Second Cause of Action on July 9, 2007.   The Defendants argue that, because Benson has an adequate remedy under 29 U.S.C. § 1132(a)(1)(B), he is precluded from seeking equitable relief under 29 U.S.C. § 1132(a)(3).   See Motion to Dismiss at 2.   The Defendants also contend that, even if Benson was able to seek relief under 29 U.S.C. § 1132(a)(3), the allegations in his Complaint do not state a cause of action for which relief can be granted under that section.   See id.   The Defendants request the Court dismiss Benson's Second Cause of Action.

## STANDARDS FOR DECIDING A MOTION TO DISMISS

In considering a motion to dismiss a complaint for failure to state a claim under rule

---

[1]The heading to Benson's Second Cause of Action in his Complaint indicates that Benson is raising his claim for breach of fiduciary responsibility under 28 U.S.C. §§ 1132(a)(3) and 1133. Benson's pleadings, however, and the parties' discussion in their moving papers, make it clear that Benson is bringing his action under 29 U.S.C. §§ 1132(a)(3) and 1133.  Sections 1132 and 1133 are not codified sections within Title 28 of the United States Code.

12(b)(6),[2] a court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in the plaintiff's favor.  See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  Where it appears beyond doubt that a plaintiff cannot prove any set of facts that would entitle him to relief, a court may dismiss the cause of action.  See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995).  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his claim.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(internal citation and quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (internal citation omitted).

## RELEVANT ERISA LAW

The Defendants' Motion to Dismiss implicates two significant aspects of ERISA.  First, ERISA outlines the benefits an employee benefit plan must provide and the administrative requirements a plan must satisfy.  Second, ERISA provides plan participants and beneficiaries with

---

[2]The title to the Defendants' Motion to Dismiss states that the motion is being brought pursuant to rule 1-012(B)(6) of the New Mexico Rules of Civil Procedure.  See Motion to Dismiss at 1.  In the discussion of the legal standard relevant to deciding a motion to dismiss in their briefing, however, the Defendants cite federal cases applying rule 12(b)(6) of the Federal Rules of Civil Procedure exclusively.  See Motion to Dismiss at 3-4.  Moreover, the New Mexico Rules of Civil Procedure are not applicable in federal court.  See Fed. R. Civ. P. 1 (recognizing that the Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature").

a civil remedy when plan administrators fail to meet the requirements that the Act mandates.

      1.      **Amendment of ERISA Plans.**

The fiduciary responsibilities imparted to plan administrators under ERISA are outlined in 29 U.S.C. § 1102.  Among those responsibilities, is the obligation to "provide a procedure for amending [the] plan, and for identifying the persons who have authority to amend the plan."  29 U.S.C. § 1102(b)(3).  Assuming these responsibilities are satisfied, the Supreme Court of the United States has recognized that "ERISA provides an employer with broad authority to amend a plan," Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 442 (1999), and acknowledged that an employer is "generally free under ERISA, for any reason at any time, to adopt, modify, or terminate its welfare plan," Inter-Modal Rail Employees Ass'n v. Atchison, Topeka & Santa Fe Ry. Co., 520 U.S. 510, 515 (1997)(quoting Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 78 (1995)).  See Deboard v. Sunshine Mining & Ref. Co., 208 F.3d 1228, 1239-40 (10th Cir. 2000)("[E]mployers are generally free to amend or terminate these plans unilaterally.").  Moreover, "[p]lan sponsors who alter the terms of a plan do not fall into the category of fiduciaries."  Hughes Aircraft Co. v. Jacobson, 525 U.S. at 443.  See Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. at 78 ("A company does not act in a fiduciary capacity when deciding to amend or terminate a welfare benefits plan.")(quoting Adams v. Avondale Indus., Inc., 905 F.3d 943, 947 (6th Cir. 1990)).

     Despite this broad discretion, the United States Court of Appeals for the Tenth Circuit has stated that "an employer seeking to exercise [the right to amend] must satisfy two conditions." Cirulis v. UNUM Corp. Severance Plan, 321 F.3d 1010, 1014 (10th Cir. 2003).  First, any amendment must be in accordance with the written amendment procedures provided for in the plan. See id. (citing Krumme v. Westpoint Stevens, Inc., 143 F.3d 71, 84 (2d Cir. 1998); Miller v. Coastal

Corp., 978 F.2d 622, 624 (10th Cir. 1992)).  Second, the employer "must provide notice of the amendment to participants and beneficiaries within '210 days after the end of the plan year in which the change is adopted.'"  Cirulis v. UNUM Corp. Severance Plan, 321 F.3d at 1014 (quoting 29 U.S.C. § 1024(b)(1)(B)).

      **2.**      **ERISA Claims Procedures.**

ERISA requires that a plan administrator: (i) "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant;" and (ii) "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."  29 U.S.C. § 1133(1)-(2).  The minimum requirements for employee benefit plan procedures pertaining to claims for benefits that participants and beneficiaries raise are articulated in 29 C.F.R. § 2560.503-1.  Although the regulations require that every ERISA plan maintain procedures "by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination," 29 U.S.C. § 2560.503-1(h)(1), the regulations do not mandate a minimum number of appeals and do not contain any requirements regarding who is to conduct such appeals.  Nevertheless, regardless of the appellate procedure a plan implements, the procedure may not "require[] a claimant to file more than two appeals of an adverse benefit determination prior to bringing a civil action."  29 U.S.C. § 2560.503-1(c)(2).

      **3.**      **Remedies.**

ERISA provides participants and beneficiaries with "six carefully integrated civil

enforcement provisions" that constitute an "interlocking, interrelated, and interdependent remedial scheme." Mass. Mut. life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985). Among these provisions, a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In addition, a participant, beneficiary, or fiduciary may bring an action: "(A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3).

The Supreme Court has described 29 U.S.C. § 1132(a)(3) as a "'catchall' provision[] act[ing] as a safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. § 1132(a)] does not elsewhere adequately remedy." Varity Corp. v. Howe, 516 U.S. 489, 512 (1996). See Felix v. Lucent Techs., Inc., 387 F.3d 1146, 1163 (10th Cir. 2004)(describing 29 U.S.C. § 1132(a)(3) as "the catch-all provision"). Accordingly, the Tenth Circuit has held that "consideration of a claim under 29 U.S.C. § 1132(a)(3) is improper when the [plaintiff] . . . states a cognizable claim under 29 U.S.C. § 1132(a)(1)(B)." Lefler v. United Healthcare of Utah, Inc., 72 Fed. Appx. 818, 826 (10th Cir. 2003). Other Circuit Courts of Appeals are in accord. See Korotynska v. Metro. Life Ins. Co., 474 F.3d 101, 106 (4th Cir. 2006)(noting that "the great majority of circuit courts have interpreted Varity [Corp. v. Howe] to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3)"); Antolik v. Saks, Inc., 463 F.3d 796, 803 (8th Cir. 2006)("Where a plaintiff is provided adequate relief by the right to bring a claim for benefits under . . . § 1132(a)(1)(B), the plaintiff does not have a cause of

action to seek the same remedy under § 1132(a)(3)(B)."); Ogden v. Blue Bell Creameries U.S.A., Inc., 348 F.3d 1284, 1287 (11th Cir. 2003)("[A]n ERISA plaintiff who has an adequate remedy under Section 502(a)(1)(B) cannot alternatively plead and proceed under Section 502(a)(3)."); Larocca v. Borden, Inc., 276 F.3d 22, 28 (1st Cir. 2002)("[F]ederal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to Section a(1), there is an adequate remedy under the plan which bars a further remedy under Section a(3)."); Wilkins v. Baptist Healthcare Sys., 150 F.3d 609, 615 (6th Cir. 1998)("Because § 1132(a)(1)(B) provides a remedy for [the plaintiff's] alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3)."); Tolson v. Avondale Indus., Inc., 141 F.3d 604, 610 (5th Cir. 1998)("Because [the plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of Section 1132(a)(3) would be inappropriate."); Forsyth v. Humana, Inc., 114 F.3d 1467, 1475 (9th Cir. 1997)("Equitable relief under section 1132(a)(3) is not 'appropriate' because section 1132(a)(1) provides an adequate remedy in this case.").

## ANALYSIS

Benson's First Cause of Action brought under 29 U.S.C. § 1132(a)(1)(B) provides him adequate relief by empowering him with the right to sue for benefits he believes he was unlawfully denied.  Moreover, the relief Benson seeks in his second claim is identical to the relief he seeks in his first claim.  Because the federal courts, including the Supreme Court and the Tenth Circuit, have overwhelming concluded that relief through 29 U.S.C. § 1132(a)(3) is inappropriate when 29 U.S.C. § 1132(a)(1)(B) provides adequate relief, the Court will grant the Defendants' motion and dismiss

Benson's Second Cause of Action.

I.    **BECAUSE BENSON HAS ADEQUATE RELIEF AVAILABLE FOR ALLEGED IMPROPER DENIAL OF BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B), RELIEF UNDER 29 U.S.C. § 1132(a)(3) IS INAPPROPRIATE.**

Benson does not disagree with the general rule that, when a plaintiff has adequate relief under 29 U.S.C. § 1132 (a)(1)(B), he is precluded from raising a separate claim under 29 U.S.C. § 1132(a)(3).  Benson attempts to narrow that rule by asserting that the cases that the Defendants cite in their briefing, and which the Court has identified in this opinion, stand for the proposition that, "where plaintiffs had an adequate <u>monetary</u> remedy under Section (a)(1), courts have not allowed for additional <u>monetary</u> relief through the equitable provision in Section (a)(3)." Benson's Response at 6 (emphasis in original).  Benson attempts to distinguish his case by asserting that a plaintiff is not precluded from bringing claims under both provisions when the relief sought under 29 U.S.C. § 1132(a)(3) is equitable in nature.  <u>See</u> Benson's Response at 6.  In his response to the Defendants' Motion to Dismiss, Benson contends that he is also seeking "reinstatement into the Plan for prospective and retrospective coverage," characterizes that relief as equitable, and asserts that he should be able to seek that relief under 29 U.S.C. § 1132(a)(3).  Benson's Response at 6.

The Court acknowledges that some federal courts, including the Tenth Circuit, have described reinstatement into an ERISA plan as an equitable remedy that may be actionable under 29 U.S.C. § 1132(a)(3).  <u>See</u> <u>Callery v. U.S. Life Ins. Co. in City of N.Y.</u>, 392 F.3d 401, 408-09 (10th Cir. 2004)(distinguishing money damages from reinstatement into the plan in a discussion of remedies available under 29 U.S.C. § 1132(a)(3)); <u>Larocca v. Borden, Inc.</u>, 276 F.3d at 29 n.7 ("Reinstatement is an equitable remedy based on Section a(3)."); <u>Bowerman v. Wal-Mart Stores, Inc.</u>, 226 F.3d 574, 592 (7th Cir. 2000)(applying 29 U.S.C. § 1132(a)(3) and allowing plaintiff an

opportunity to re-join a plan after the plaintiff had opted out because the plan administrator had failed to explain adequately the plaintiff's rights and benefits under the plan). This acknowledgment, however, only resolves part of Benson's dilemma. Merely stating that reinstatement is an equitable remedy does not support Benson's Second Cause of Action where: (i) Benson has adequate relief available to him under 29 U.S.C. § 1132(a)(1)(B); and (ii) Benson has not alleged a claim for reinstatement in his Complaint.

Benson cites Larocca v. Borden, Inc. in support of his assertion that he may proceed under both enforcement provisions. The plaintiffs in Larocca v. Borden, Inc. were former participants and beneficiaries in a health, life, disability, and dental insurance plan who alleged that they were improperly terminated from the plan and requested damages for expenses incurred that would have been covered had they been members of the plan. See 276 F.3d at 24. Pursuant to 29 U.S.C. § 1132(a)(3), the district court in Larocca v. Borden, Inc. had ordered that the plaintiffs be given the opportunity to be reinstated into the plan. See id. at 27. The purpose of this reinstatement was to "renew insurance coverage . . . for future protection," and as "a remedial device which permits the court to award benefits due under the terms of the Plan for the period of wrongful termination." Id.

The United States Court of Appeals for the First Circuit began its analysis in Larocca v. Borden, Inc. by noting that, "if a plaintiff can pursue benefits under the plan pursuant to Section a(1), there is an adequate remedy under the plan which bars a further remedy under Section a(3)." Id. at 28. In affirming the district court's application of 29 U.S.C. § 1132(a)(3), however, the First Circuit explained that, because the plaintiffs were not members of the plan at the time they filed suit, they could not proceed under 29 U.S.C. § 1132(a)(1)(B), and therefore they must rely on 29 U.S.C. § 1132(a)(3) or have no remedy at all. See Larocca v. Borden, Inc., 276 F.3d at 29 (citing Varity

<u>Corp. v. Howe</u>, 516 U.S. at 515).  The First Circuit emphasized that, once the plaintiffs had been reinstated to the plan, their claims were "governed by the terms of the Plan, as Section a(1) provides."  <u>Larocca v. Borden, Inc.</u>, 276 F.3d at 29.

Unlike the plaintiffs in <u>Larocca v. Borden, Inc.</u>, Benson's Second Cause of Action does not allege that he was wrongfully terminated from the plan, and Benson does not make any request for reinstatement in his Complaint.  Indeed, Prudential admits that Benson is a participant in the plan.  <u>See</u> Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Claim for Breach of Fiduciary Responsibility at 2-3, filed August 6, 2007 (Doc. 9).  Benson's Second Cause of Action alleges an action under 29 U.S.C. § 1132(a)(3) for a violation of 29 U.S.C. § 1133.  <u>See</u> Complaint at 6.  Section 1133 requires that a plan administrator: (i) "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant;" and (ii) "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."  29 U.S.C. § 1133(1)-(2).  The allegations in Benson's Second Cause of Action refer exclusively to Benson's assertion that Prudential failed to comply with ERISA regulations and its fiduciary responsibilities in denying his claim for benefits and in failing to allow him a full and fair appeal.  <u>See</u> Complaint ¶¶ 36-39, at 6-7.  The only reference to forms of requested relief in Benson's Second Cause of Action asserts that "Benson is entitled to a declaration that Prudential is obligated to pay Mr. Benson benefits for his ongoing long-term disability and injunctive relief requiring Prudential to prove such benefits as long as Mr. Benson remains disabled."  <u>Id.</u> ¶ 41, at 7.  In sum, Benson has failed to establish any meaningful distinction between

the unlawful conduct he asserts, and the relief he requests, in the two claims in his Complaint.

In Korotynska v. Metropolitan Life Insurance Co., the United States Court of Appeals for the Fourth Circuit considered a case involving facts virtually identical to those Benson alleges. The plaintiff in Korotynska v. Metropolitan Life Insurance Co. sought equitable relief under 29 U.S.C. § 1132(a)(3) based on allegations that the plan administrator had "breached its fiduciary duties by engaging in systematically flawed and abusive claims administration procedures." 474 F.3d at 103. The plaintiff had previously filed a claim for, and received, short-term disability benefits as the result of severe pain and back problems that prevented her from working. See id. When her short-term benefits expired, the plaintiff applied for long-term benefits; her application was approved and the plan paid her benefits for two years. See id. After two years, however, the plan administrator conducted a review of the plaintiff's claim and terminated her benefits. See id. The plaintiff appealed the decision to terminate her benefits and the plan administrator affirmed its decision to terminate. See id.

The plaintiff in Korotynska v. Metropolitan Life Insurance Co. "insisted that she ha[d] not renounced her claim for benefits and [] admitted that her whole purpose in seeking [29 U.S.C.] § 1132(a)(3) relief [was] to enable her to recover benefits to which she is entitled." Korotynska v. Metro. Life Ins. Co., 474 F.3d at 105. In denying the plaintiff's right to proceed under 29 U.S.C. § 1132(a)(3), the Fourth Circuit emphasized that "[t]here is [] no question that [the plaintiff's] injury is redressable elsewhere in ERISA's scheme" and stated that 29 U.S.C. § 1132(a)(1)(B) "squarely addresses plaintiff's injury." Korotynska v. Metro. Life Ins. Co., 474 F.3d at 106. The Fourth Circuit noted that the plain language of 29 U.S.C. § 1132(a)(1)(B) allows a plan participant to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under

-13-

the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Korotynska v. Metro. Life Ins. Co., 474 F.3d at 106 (quoting 29 U.S.C. § 1132(a)(1)(B)).

The Fourth Circuit in Korotynska v. Metropolitan Life Insurance Co. explained that limiting

a plaintiff seeking benefits to an action under 29 U.S.C. § 1132(a)(1)(B) was necessary to protect

against "the danger that a beneficiary might 'repackage his or her denial of benefits claim as a claim

for breach of fiduciary duty.'"  Korotynska v. Metro. Life Ins. Co., 474 F.3d at 106 (quoting Varity

Corp v. Howe, 516 U.S. at 513).

> [C]ourts have not allowed claimants to proceed with § 1132(a)(3) claims where relief
> was potentially available to them under § 1132(a)(1)(B), because, in Varity [Corp v.
> Howe], "[t]he Supreme Court clearly limited the applicability of § 1132(a)(3) to
> beneficiaries who may not avail themselves of § 1132's other remedies."  Wilkins
> [v. Baptist Healthcare Sys.], 150 F.3d at 615.  A plaintiff whose injury consists of a
> denial of benefits "has adequate relief available for the alleged improper denial of
> benefits through his right to sue [the benefit plan] directly under section 1132(a)(1),"
> and thus "relief through the application of Section 1132(a)(3) would be
> inappropriate."  Tolson [v. Avondale Indus., Inc.], 141 F.3d at 610.  To allow a claim
> under § 1132(a)(3) would permit "ERISA claimants to simply characterize a denial
> of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly
> rejected."  Wilkins [v. Baptist Healthcare Sys.], 150 F.3d at 616.

Korotynska v. Metro. Life Ins. Co., 474 F.3d at 106-07.  Accordingly, the Fourth Circuit in

Korotynska v. Metropolitan Life Insurance Co. summarized that 29 U.S.C. § 1132(a)(1)(B) "affords

the plaintiff adequate relief for her benefits claim, and a cause of action under [29 U.S.C.] §

1132(a)(3) is thus not appropriate."  Korotynska v. Metro. Life Ins. Co., 474 F.3d at 107.

In reaching its holding in Korotynska v. Metropolitan Life Insurance Co., the Fourth Circuit

also rejected the plaintiff's argument that restricting a plaintiff seeking benefits to a claim under 29

U.S.C. § 1132(a)(1)(B) would immunize plan administrators from claims alleging breach of their

fiduciary duties.  See Korotynska v. Metro. Life Ins. Co., 474 F.3d at 107.  The Fourth Circuit noted

that, when reviewing a determination of benefits under 29 U.S.C. § 1132(a)(1)(B), courts "should

consider, among other factors, 'whether the decisionmaking process was reasoned and principled,' 'whether the decision was consistent with the procedural and substantive requirements of ERISA,' and 'the fiduciary's motives and any conflict of interest it may have.'"  Korotynska v. Metro. Life Ins. Co., 474 F.3d at 107 (quoting Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan, 201 F.3d 335, 342-43 (4th Cir. 2000)).  The Fourth Circuit noted that "[t]hese factors address exactly the kinds of procedural deficiencies alleged by the plaintiff, in the context of review of actual benefits claims under [29 U.S.C.] § 1132(a)(1)(B)."  Korotynska v. Metro. Life Ins. Co., 474 F.3d at 107.  Further, the Fourth Circuit emphasized in Korotynska v. Metropolitan Life Insurance Co. that adopting an opposite approach "would promote [29 U.S.C.] § 1132(a)(3) from 'safety net' to first line of attack, an outcome at odds with both the plain language of [29 U.S.C.] § 1132(a)(1)(B) and the statutory structure of [29 U.S.C.] § 1132."  Korotynska v. Metro. Life Ins. Co., 474 F.3d at 108 (citing Varity Corp. v. Howe, 516 U.S. at 512).

Finally, Benson argues that, even if the Court should find that the remedies are exclusive, neither remedy should be excluded at this stage in the litigation, and Benson should be permitted to plead them in the alternative.  See Benson's Response at 8 (citing Fed. R. Civ. P. 8).  The problem with Benson's argument is that he has not pled alternate claims or requested various forms of relief. He has not demonstrated why 29 U.S.C. § 1132(a)(1)(B) is not an adequate remedy with respect to his claim for benefits or established any meaningful distinction between his two claims.  Because Benson "is provided adequate relief by his right to bring a claim for benefits under . . . 29 U.S.C. § 1132(a)(1)(B), as [he] did in Count I, and [he] seeks no different relief in Count II of [his] complaint, equitable relief would not be appropriate in [his] case."  Wald v. Sw. Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1006 (8th Cir. 1996).  See Tolson v. Avondale Indus., Inc.,

141 F.3d at 610 (characterizing the plaintiff's "efforts to justify assertion of breach of a fiduciary duty claim against the Plans by distinguishing such a claim from his claims for coverage and benefits claims [as] woefully unavailing," and concluding that, "[i]f they are distinctions at all, they are without differences").  By providing him a right to sue for denial of benefits to which Benson alleges he is entitled, 29 U.S.C. § 1132(a)(1)(B) provides Benson an adequate remedy to redress the injury he alleges in his Complaint.  Accordingly, both the statutory structure of 29 U.S.C. § 1132 and federal caselaw preclude him from raising a cause of action under 29 U.S.C. § 1132(a)(3), either in addition to, or alternatively to, his claim under 29 U.S.C. § 1132(a)(1)(B).  Consequently, the Court will dismiss Benson's Second Cause of Action.

## II.   THE COURT NEED NOT DECIDE WHETHER BENSON'S SECOND CAUSE OF ACTION STATES A CLAIM FOR WHICH RELIEF MAY BE GRANTED.

The Defendants argue that, even if the Court were to determine that Benson's action under 29 U.S.C. § 1132(a)(1)(B) does not preclude his action under 29 U.S.C. § 1132(a)(3), the latter should still be dismissed because it fails to state a claim for which relief may be granted.  See Motion to Dismiss at 6-7; Defendants' Reply at 3-4.  The Defendants argue that, because a plan administrator does not act in its fiduciary capacity when it amends a plan, and because the appellate procedures that were afforded Benson were in full compliance with 29 C.F.R. § 2560.503-1, Benson can not successfully state a claim for breach of fiduciary duty.  See Motion to Dismiss at 7.

While the facts Benson alleges in his Second Cause of Action might not directly implicate the technical requirements of 29 C.F.R. § 2560.503-1, they do allege violations of the plan itself, and ERISA requires that "every employment benefit plan shall be established and maintained pursuant to a written instrument."  29 U.S.C. § 1102(a).  Benson's Second Cause of Action also alleges that Prudential failed to discharge its duties prudently, to provide Benson a full and fair appeal, and acted

in its own self-interest.  See Complaint ¶¶ 36-39, at 6-7.  As the plan fiduciary, Prudential was required to act "for the exclusive purpose of . . . providing benefits to participants and their beneficiaries," 29 U.S.C. § 1104(a)(1)(A)(i), and "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims," 29 U.S.C. § 1104(a)(1)(B).  Finally, Benson alleges that Prudential did not notify him of the change in the appeals process that took effect on January 1, 2005, see Complaint ¶ 21, at 4, an omission that would violate 29 U.S.C. § 1024(b)(1)(B)'s requirement that administrators must inform participants and beneficiaries of such amendments within 210 days after the end of the plan year in which the change is adopted, see Cirulis v. UNUM Corp. Severance Plan, 321 F.3d at 1014.

In sum, the Court cannot say, based on the record before it, that Benson's Second Cause of Action does not state a claim for which relief can be granted.  Nevertheless, because the Court has already decided that Benson is precluded from raising an action under 29 U.S.C. § 1132(a)(3), because he has an adequate remedy under 29 U.S.C. § 1132(a)(1)(B), the Court need not decide that issue to resolve this motion.  The Court will dismiss Benson's Second Cause of Action.

**IT IS ORDERED** that the Defendants' Motion to Dismiss Plaintiff's Claim for Breach of Fiduciary Responsibility Pursuant to Rule 1-012(B)(6) NMRA is granted.  Benson's Second Cause of Action is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Turner W. Branch
Branch Law Firm
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Joe L. McClaugherty
Tamara R. Safarik
McClaugherty & Silver, PC
Santa Fe, New Mexico

    *Attorneys for the Defendants*