## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LARRY BENSON,

       Plaintiff,

vs.                                             No. CIV-07-0587 JB/ACT

PRUDENTIAL FINANCIAL, INC., PRUDENTIAL
INSURANCE COMPANY OF AMERICA, and
LARRY H. MILLER MANAGEMENT CO.
LONG-TERM DISABILITY PLAN,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion for Determination of the Applicable Standard of Review and the Scope of Discovery, filed November 16, 2007 (Doc. 25); (ii) the Plaintiff's Response to Defendant's Motion [sic] for Determination of the Applicable Standard of Review and the Scope of Discovery, filed December 4, 2007 (Doc 30); (iii) Plaintiff's Brief in Support of De Novo Standard of Review or in the Alternative A Sliding Scale Arbitrary and Capricious Standard of Review, filed November 15, 2007 (Doc. 22); and (iv) Defendants' Response Brief in Opposition to Plaintiff's Brief in Support of De Novo Standard of Review or in the Alternative a Sliding Scale Arbitrary and Capricious Standard of Review, filed December 4, 2007 (Doc. 31). The Court held a hearing on the issues that these briefs present to the Court on December 21, 2007. The primary issues are: (i) what is the proper standard of review in this case where the plan administrator has a conflict of interest; (ii) what evidence may the Court properly review; and (iii) what discovery, if any, should the Court allow the parties in this case. Because Prudential Insurance Company ("Prudential"), expressly gave itself discretion in the Plan documents, the

standard of review is arbitrary and capricious, the Court's review of the evidence is limited to the

Administrative Record and thus the record to be reviewed needs only informal discovery at this

point in time.

## FACTUAL BACKGROUND

For purposes of these two issues, the material facts are undisputed.  According to the First

Amended Complaint, Larry H. Miller Management Company employed Larry D. Benson from

approximately May 1999 through March 28, 2005 as a sales manager for an automobile dealership.

See First Amended Complaint ¶ 10, at 2, filed October 17, 2007 (Doc. 18)("Amended Complaint").

Benson was a participant of the Larry H. Miller Management Company Long-Term Disability Plan.

See Amended Complaint ¶¶ 4, 10 at 2-3; Answer to Plaintiff's First Amended Complaint ¶¶ 3, 7,

at 1-2, filed October 29, 2007 (Doc. 21)("Answer").

At all material times, Prudential acted as both the claims administrator and insurer of the

Plan's obligation to pay benefits.  See Amended Complaint ¶¶ 6, at 2; Answer to Plaintiff's First

Amended Complaint ¶ 4, at 2.  The Plan's "Summary Plan Description" provides in pertinent part:

> This Group Contract underwritten by The Prudential Insurance Company of
> America provides insured benefits under your Employer's ERISA plan(s).  The
> Prudential Insurance Company of America as Claims Administrator has the sole
> discretion to interpret the terms of the Group Contract, to make factual findings, and
> to determine eligibility for benefits.  The decision of the Claims Administrator shall
> not be overturned unless arbitrary and capricious.

Defendants' Motion for Determination of the Applicable Standard of Review and the Scope of

Discovery ("Motion for Determination"), Exhibit A, Summary Plan Description at 37 ("Summary

Plan Description").  The Plan provides that a participant is disabled as follows:

You are disabled when Prudential determines that:

•      you are unable to perform the material and substantial duties of your

regular occupation due to your sickness or injury; and

• you have a 20% or more loss in your indexed monthly earnings due that sickness or injury.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

We may require you to be examined by doctors, other medical practitioners or vocational experts of our choice. Prudential will pay for these examinations. We can require examinations as often is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.

Motion for Determination, Exhibit B, Long Term Disability Coverage at 10.

On or about February 3, 2005, Benson began to receive long-term disability benefits under the Plan. See Amended Complaint ¶ 12, at 3; Answer ¶ 9, at 2. Prudential continued to investigate and evaluate Benson's claims of disability and terminated Benson's long-term disability benefits effective July 12, 2006. See First Amended Complaint ¶¶ 17-18, at 3-4 ; Answer ¶ 13, at 3.

## PROCEDURAL BACKGROUND

Benson filed suit against the Defendants under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. See Amended Complaint at 6-8. Specifically, Benson filed suit under 29 U.S.C. § 1132(a)(1)(B) which provides that a civil action may be brought by persons empowered to bring such an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Benson alleges that, by failing and refusing to pay his long-term disability benefits, the Defendants violated the Plan's terms. See Amended Complaint ¶ 33, at 6-7.

A dispute exists as to the applicable standard of review for Prudential's decision to terminate

Benson's disability benefits and as to the scope of discovery.  Benson stated in the Joint Status

Report:

> [B]ecause there is a conflict of interest, the Court should examine evidence outside of the administrative record to determine the nature and extent of the conflict. Plaintiff requests that he be permitted to supplement the administrative record through discovery and/or the admission of witness testimony and the exhibits identified below.

Joint Status Report at 6, filed October 22, 2007 (Doc. 19)("Joint Status Report").  In the Joint Status

Report, the Defendants stated:

> Defendants believe that this matter is subject to an abuse of discretion standard and, as such, discovery is limited to the Court's review of the Administrative Record.  If the Court finds that the standard of review is <u>de novo</u>, discovery is still limited to the Court's review of the Administrative Records unless Plaintiff shows the Court that exceptional circumstances exist and the discovery sought is necessary to the Court's <u>de novo</u> review.

Joint Status Report at 6-7 (internal citations omitted)(underlining in original). The Court allowed

the parties to brief these issues.

On November 15, 2007, Benson filed his Brief in Support of De Novo Standard of Review

Or in the Alternative a Sliding Scale Arbitrary and Capricious Standard of Review.  <u>See</u> Plaintiff's

Brief in Support of De Novo Standard of Review or in the Alternative a Sliding Scale Arbitrary and

Capricious Standard of Review, filed November 15, 2007 (Doc. 22)("Plaintiff's Brief").  In his

Brief, Benson argues that, to conform with ERISA's purpose, to promote the interest of employees

and of their beneficiaries in employee-benefit plans, the Court must review Prudential's decision to

terminate Benson's long-term disability benefits de novo and allow both parties to conduct complete

discovery.  <u>See</u> Plaintiff's Brief at 9.  Benson argues, in the alternative, that, if the Court does not

determine that Benson is entitled to a de-novo review, the Court should apply a sliding-scale

arbitrary-and-capricious standard of review.  <u>See id.</u> at 15.  Additionally, Benson notes that, "when

the plan administrator is operating under a conflict of interest, a court applying the standard must decrease the level of deference given to the conflicted fiduciaries' decision in proportion to the seriousness of the conflict." Id. (internal quotation marks omitted).  Benson also stated that Prudential must prove by a preponderance of the evidence that its decision to terminate Benson's benefits was based solely on information of which it was aware at the time that its determination was made, and that the decision was not made to allow financial gain from such termination.  See id. at 19.

Benson also states that he needs to conduct discovery, because his records show that Prudential's Administrative Record is incomplete.  See id. at 10.  Benson argues that limiting the Court to the Administrative Record is contrary to the law and would be greatly unfair to Benson. See id.  Benson states that the only way for him to know what is missing from the Administrative Record is to conduct complete discovery.  See id. at 13.

On November 16, 2007, the Defendants filed their Motion for Determination of the Applicable Standard of Review and the Scope of Discovery.  See Defendants' Motion for Determination of the Applicable Standard of Review and the Scope of Discovery, filed November 16, 2007 (Doc. 25)("Motion for Determination").  The Defendants argue that the applicable standard of review for this case is an arbitrary-and-capricious standard, and that the Court's review is limited to the evidence and arguments presented to Prudential on or before its final decision to terminate Benson's long-term disability benefits.  See id. at 1-2.  The Defendants state, as did Benson, that, where a party is both the administrator and insurer of a disability plant, "an inherent conflict exists," such that a court's review is less differential.  Id. at 4-5 (internal citations omitted).  The Defendants admit that such a conflict exists, and also that they bear the burden of proving the reasonableness

of their decision pursuant to the court's arbitrary-and-capricious standard.  See id. at 5.

The Defendants further argue that discovery should be limited to the Administrative Record.

See id. at 6.  Additionally, the Defendants state that it is the unusual case in which the Court should

allow any supplementation to the record.  See id. at 6.  The Defendants state:

> [P]ermitting the Court to review information outside the administrative record and
> permitting the parties to conduct discovery outside the administrative record is a rare
> event, the exception rather than the rule.  When the standard of review is arbitrary
> and capricious there is not even a need for an exception to the rule.

Id.  The Defendants state that all that is relevant as evidence is what Prudential had before it at the

time it made its decision to terminate benefits.  See id. at 7.  The Defendants move the Court for a

determination of the applicable standard of review and the scope of discovery in this case.

On December 4, 2007, Benson filed a response to the Defendants' motion.  See Plaintiff's

Response to Defendant's Motion [sic] for Determination of the Applicable Standard of Review and

the Scope of Discovery, filed December 4, 2007 (Doc. 30)("Plaintiff's Response").  First, Benson

argues that the Defendants improperly filed their motion, because the parties were only supposed

to brief the issue at hand and not motion the Court for a decision.  See id. at 1.  Without waiving his

objection, Benson proceeds to respond.  See id.  Benson continues to argue that the Court should

review de novo the Defendants' decision to terminate his benefits because he believes that the

Defendants misapplied the law when making their determination to terminate his benefits.  Benson

also states: "Aside from the misapplication of the law there are several other reasons why the

appropriate standard of review is de novo." Id. at 2.  Benson does not, however, further explain any

other reasons.  Furthermore, Benson argues, in the alternative, that the proper standard of review is

a sliding-scale arbitrary-and-capricious standard.  See id. at 2-3.  In regards to the issue of discovery,

Benson contends that the Court should allow full discovery and that the Court should find that the

-6-

Defendants are bound by the Social Security Administration's ("SSA") finding of total disability. See id. at 3-9.

On December 4, 2007, the Defendants responded, arguing that Benson has failed to establish that the standard of review is not arbitrary and capricious, and that discovery should be limited to the Administrative Record. See Defendants' Response Brief in Opposition to Plaintiff's Brief in Support of De Novo Standard of Review or in the Alternative a Sliding Scale Arbitrary and Capricious Standard of Review at 2-7, filed December 4, 2007 (Doc. 31)("Defendants' Response"). The Defendants further argue that consideration of an award for disability by the SSA, or lack thereof, is not determinative on the issue whether the Defendants' actions were arbitrary and capricious. The Defendants contend that "[w]hether Prudential did consider the grant of benefits by the Social Security Administration is a matter for another brief and requires a greater consideration of the Administrative Record by the Court." Id. at 7.

At the December 21, 2007 hearing, Benson requested that the Court grant him a 30(b)(6) of Prudential. See Transcript of Hearing at 19:18-21 (taken December 21, 2007)("Tr.")(Sandoval).[1] After the Court indicated that it would not grant Benson's request for a 30(b)(6), Benson asked that the Court allow him ninety days to conduct informal discovery. See id. at 21:12 (Sandoval). The Defendants indicated that they did not have any objection to allowing Benson such discovery to determine what additional materials he wanted as part of the Administrative Record. See id. at 21:17 (Safarik).

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

## RELEVANT ERISA LAW

The United States Court of Appeals for the Tenth Circuit applies an arbitrary-and-capricious standard to the review of a plan administrator's decision when an ERISA plan gives the administrator discretionary authority to interpret the terms of the plan and to determine eligibility for benefits.  The Court's review is less deferential, however, where a party is both the administrator and insurer of a disability plan.  Moreover, the Court's review and discovery is limited to the Administrative Record.

1.      __Law Regarding Standard of Review.__

In Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989), the Supreme Court of the United States held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 at 115.  The Tenth Circuit has consistently applied an arbitrary-and-capricious standard to the review of an administrator's decision when an ERISA plan gives the administrator discretionary authority to interpret the terms of the plan and to determine eligibility for benefits.  As the Tenth Circuit stated in  Fought v. UNUM Life Ins. Co. of Am., 379 F.3d 997(10th Cir. 2004):

> When the plan administrator operates under either (1) an inherent conflict of interest; (2) a proven conflict of interest; or (3) when a serious procedural irregularity exists, and the plan administrator has denied coverage, an additional reduction in deference is appropriate. Under this less deferential standard, the plan administrator bears the burden of proving the reasonableness of its decision pursuant to this court's traditional arbitrary and capricious standard.

Id. at 1002-1003 (internal citations and quotation marks omitted).  See Chambers v. Family Health Plan Corp., 100 F.3d 818, 825 n. 1 (10th Cir. 1996)("We have consistently stated that we review an administrator's decision under an arbitrary and capricious standard, rather than an abuse of

discretion standard, when an ERISA plan gives the administrator discretion . . . . We agree and adhere to the arbitrary and capricious standard of review.")(internal quotations omitted).

2.      **Law Regarding How the Arbitrary-and-Capricious Standard is Applied.**

The Tenth Circuit has held that, where a party is both the administrator and payor or insurer of a disability plan, "an inherent conflict exists" such that the court's review is less deferential. Caldwell v. Life Ins. Co. of N. Am., 287 F.3d 1276, 1283 (10th Cir. 2002).  Following the Supreme Court's decision in Firestone Tire and Rubber Co. v. Bruch, the Tenth Circuit adopted a "sliding scale" approach to the application of the less deferential arbitrary-and-capricious standard of review. In Chambers v. Family Health Plan Corp., the Tenth Circuit stated:

> We conclude that the sliding scale approach more closely adheres to the Supreme Court's instruction to treat a conflict of interest as a facto[r] in determining whether there is an abuse of discretion. Moreover, as we stated in a pre Firestone decision, the arbitrary and capricious standard is sufficiently flexible to allow a reviewing court to adjust for the circumstances alleged, such as trustee bias in favor of a third-party or self-dealing by the trustee.

100 F.3d at 826-27 (internal citations and quotation marks omitted).  Under the sliding-scale approach, "the reviewing court will always apply an arbitrary and capricious standard, but the court must decrease the level of deference given to the conflicted administrator's decision in proportion to the seriousness of the conflict."  Id. at 825.

The Tenth Circuit has further defined the sliding-scale approach in Fought v. UNUM Life Insurance Company of America:

> When the plan administrator operates under either (1) an inherent conflict of interest; (2) a proven conflict of interest; or (3) when a serious procedural irregularity exists, and the plan administrator has denied coverage, an additional reduction in deference is appropriate. Under this less deferential standard, the plan administrator bears the burden of proving the reasonableness of its decision pursuant to this court's traditional arbitrary and capricious standard.   In such instances, the plan administrator must demonstrate that its interpretation of the terms of the plan is

> reasonable and that its application of those terms to the claimant is supported by substantial evidence. The district court must take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest.

379 F.3d at 1006 (internal citations omitted).  The Tenth Circuit also stated that, in cases where an inherent conflict of interest exists, and the administrator has denied coverage, the court is "required to slide along the scale considerably and an additional reduction in deference is appropriate."  Id. at 1007.  Furthermore, "[u]nder the arbitrary and capricious standard of review, [the Tenth Circuit] will not set aside a plan administrator's decision if it was based on a reasonable interpretation of the plan's terms and was made in good faith." Pack v. Michelin Ret. Plan, 2000 U.S. App. LEXIS 23361 *7 (10th Cir. 2000)(citing Jones v. Kodak Med. Assistance Plan, 169 F.3d 1287, 1292 (10th Cir. 1999)).

### 3.      Scope of Discovery.

In cases in which the abuse-of-discretion standard applies, the court's review and thus discovery is limited to the Administrative Record.  See Roach v. Prudential Ins. Brokerage, Inc., 62 Fed. Appx. 294, 298 (10th Cir. 2003).  The Tenth Circuit stated:

> If a plan participant fails to bring evidence to the attention of the administrator, the participant cannot complain of the administrator's failure to consider this evidence. [A plaintiff] is not entitled to a second chance to prove his disability. The district court's responsibility lay in determining whether the administrator's actions were arbitrary or capricious, not in determining whether [the plaintiff] was, in the district court's view, entitled to disability benefits. In effect, a curtain falls when the fiduciary completes its review, and for purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision.

Id. at 296. In Sandoval v. Aetna Life and Casualty Ins. Co., 967 F.2d 377 (10th Cir. 1992), the Tenth Circuit stated:

> In effect, a curtain falls when the fiduciary completes its review, and for purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision. The district court's subsequent finding based upon later-developed evidence that [the plaintiff] was psychologically disabled was irrelevant to this inquiry and therefore exceeded the scope of the court's review.

Id. at 380-81 (internal citations omitted).

Even in cases of de-novo review, it is "the unusual case in which the district court should allow supplementation of the record." Hall v. UNUM Life Ins. Co. of Am., 300 F.3d 1197, 1203 (10th Cir. 2002). In Hall v. UNUM Life Insurance Company of America, the Tenth Circuit stated:

> In most cases, where additional evidence is not necessary for adequate review of the benefits decision, the district court should only look at the evidence that was before the plan administrator or trustee at the time of the determination. The party seeking to supplement the record bears the burden of establishing why the district court should exercise its discretion to admit particular evidence by showing how that evidence is necessary to the district court's de novo review.

Id. (internal citations and quotation marks omitted). The Tenth Circuit in Hall v. UNUM Life Insurance Co. of America further stated that:

> the best way to implement ERISA's purposes in this context is ordinarily to restrict de novo review to the administrative record, but to allow the district court to supplement that record when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision.

Id. at 1202 (internal quotation marks omitted). Thus, permitting the court to review information outside the Administrative Record and permitting the parties to conduct discovery outside the Administrative Record is a rare event, and the exception rather than the rule.

### 4.    Social-Security Disability Program.

The Supreme Court has recognized that there are material differences between the Social-Security disability program and ERISA benefit plans, and that a finding of disability by SSA does not require a finding of disability under an ERISA disability plan. See Black and Decker Disability

-11-

Plan v. Nord, 538 U.S. 822, 833-32 (2003)("[O]f prime importance, critical differences between the Social Security disability program and ERISA benefit plans caution against importing a treating physician rule from the former area into the latter."); Glen v. MetLife and Long Term Disability Plan, 461 F.3d 660, 669 (6th Cir. 2006)("[A]n ERISA plan administrator's failure to address the Social Security Administration's finding that the claimant was 'totally disabled' is yet another factor that can render the denial of further long-term disability benefits arbitrary and capricious.")(emphasis added). The United States Court of Appeals for the Sixth Circuit stated in Whitaker v. Hartford Life and Accident Insurance Co., 404 F.3d 947 (6th Cir. 2005),

> [W]e hold that an ERISA plan administrator is not bound by an SSA disability determination when reviewing a claim for benefits under an ERISA plan. As the Supreme Court noted in Nord, entitlement to Social Security benefits is measured by a uniform set of federal criteria. But a claim for benefits under an ERISA plan often turns on the interpretation of plan terms that differ from SSA criteria.

Whitaker v. Hartford Life and Accident Ins. Co., 404 F.3d at 949. See Divine v. Life Ins. Co. of N. Am. 2007 U.S. Dist. LEXIS 9630 *16 ("Even though the Court finds that [the plan administrator and insurer] should have addressed the SSA's findings, this alone does not show that its actions were arbitrary and capricious under the terms of the Plan.")(citing Pari-Fasano v. ITT Hartford Life & Accident Ins. Co., 230 F.3d 415, 420 (1st Cir. 2000)("[A]lthough a related Social Security benefits decision might be relevant to an insurer's eligibility determination, it should not be given controlling weight except perhaps in the rare case in which the statutory criteria are identical to the criteria set forth in the insurance plan")).

## ANALYSIS

Prudential terminated Benson's long-term disability benefits under an employee long-term disability insurance-benefit plan that Larry H. Miller Management Company sponsored, for which

Prudential acted as both the claims administrator and insurer.  The law in the Tenth Court establishes that, on the issue of the applicable standard of review for claims challenging a denial of benefits under 29 U.S.C. § 1132(a)(1)(B) in cases, such as this, involving a plan administrator -- Prudential -- operating under a conflict of interest as both plan administrator and insurer, the arbitrary-and-capricious standard applies on a sliding scale of deference.  See Fought v. UNUM Life Ins. Co. of Am., 379 F.3d at 1003-1006.  As to the scope of discovery, federal courts are limited to the Administrative Record, consisting of the materials compiled by the administrator in the course of making its decision.  See Roach v. Prudential Ins. Brokerage, Inc., 62 Fed. Appx. at 296 ("[F]or purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision.").  Benson is not entitled to supplement the record with additional testimony or evidence that was not before the administrator at the time it made its decision.

## I.     THE PARTIES HAVE PROPERLY FILED THEIR BRIEFS.

Benson contends that the parties were to brief the issues and were not to motion the Court for a decision.  See Plaintiff's Response at 1. Without waiving his objection, however, Benson responded to the motion.  See id.  The Court does not believe that the Defendants improperly requested an opinion from the Court on these issues and further believes that the parties have properly filed their briefs.  Thus, the Court overrules Benson's objection and will issue an Memorandum Opinion and Order in response to the parties' briefs, including the Defendants' motion.

## II.    THE APPLICABLE STANDARD OF REVIEW FOR THIS CASE IS AN ARBITRARY-AND-CAPRICIOUS STANDARD.

Benson contends that the standard of review is de novo or, alternatively, sliding-scale

arbitrary and capricious.  The Court is not convinced by Benson's reasoning, however, that the proper standard of review is de novo.  Rather, the Court believes that the Tenth Circuit instructs the Court to employ an arbitrary-and-capricious standard in this case.

### A.     THERE IS NO SOUND BASIS FOR THE COURT TO EMPLOY DE-NOVO REVIEW IN THIS CASE.

Benson bases his argument on alleged necessity rather than precedent.  According to Benson, this necessity arises from the clear misunderstanding of the law on Prudential's part.  See Plaintiff's Response at 2.  Benson argues: "Prudential defendants have confused the issues and facts in cited cases within their motion with the issues and facts at hand in Mr. Benson's case."  Id.  Benson does not specifically distinguish the cases on the standard of review, but further argues: "If they were applying the wrong law when making their determination to terminate Mr. Benson's benefits, the only way to provide a fair, just, and correct determination is to review their incorrect decision to terminate Mr. Benson's long-term disability benefits de novo."  Id. (emphasis in original).  The Court disagrees.  If Prudential was applying the wrong law, that could be a sound basis, under the arbitrary-and-capricious standard, to vacate Prudential's decision.  See, e.g., Sandoval v. Aetna Life & Cas. Ins. Co., 967 F.2d at 380, n.4 (stating that, "[i]n our view, both lack of substantial evidence and a mistake of law would be indicia of arbitrary and capricious actions and thus may be subsumed under the arbitrary and capricious label.");  Caldwell v. Life Ins. Co. of N. Am., 287 F.3d at 1282 (finding that "[i]ndicia of arbitrary and capricious decisions include lack of substantial evidence, mistake of law, bad faith, and conflict of interest by the fiduciary").

Even if Prudential is wrong on the scope of discovery, or was wrong about the weight to be accorded to the SSA determination, and even if Prudential is misconstruing the law on other subjects, it does not appear to be misconstruing the law on the standard of review.  To decide at this

stage of the case that Prudential misapplied the law is to put the cart before the horse; at this stage, the Court's task is to decide the proper standard of review.

Benson states that there are several other reasons why the appropriate standard of review is de novo, but does not elaborate what those reasons are. See Plaintiff's Response at 2. The case law is too difficult of a hurdle for Benson to overcome. If there are good policy grounds for employing the de novo standard, those will need to be directed to a different court or to Congress, not to the district court.

**B.     PRUDENTIAL HAS THE BURDEN OF PROOF, AND THE APPLICABLE STANDARD IS A SLIDING-SCALE ARBITRARY-AND-CAPRICIOUS STANDARD.**

Benson alternatively argues that the Court should find that Prudential has the burden of proof and that the standard is the sliding-scale arbitrary-and-capricious standard. See Plaintiff's Response at 2-3. There is no dispute that Prudential was operating under an inherent conflict of interest as both the administrator and the insurer of the plan. See Motion for Determination ¶ 3, at 2; Plaintiff's Response at 2. Benson argues that, if the Court determines that a de-novo standard is not appropriate, Prudential states correctly in its motion that Prudential has the burden of showing that its decision was reasonable. See Plaintiff's Response at 2 (citing Fought v. UNUM Life Ins. of Am., 379 F.3d at 1005-1006). Benson agrees that Prudential is further correct in its motion when it states that less deference is given to its decision because of the conflict of interest and that the Court must use a "sliding scale" approach to the application of the less deferential arbitrary-and-capricious standard of review. Plaintiff's Response at 2. Also, the parties agree that the Court "must decrease the level of deference given to the conflicted administrator's decision in proportion to the seriousness of the conflict." Id. See Motion for Determination at 5 (citing Chambers v. Family

-15-

Health Plan Corp., 100 F.3d at 825).

Prudential is the Plan's administrator as well as the Plan's insurer. See Motion for Determination at 5. The Plan clearly gives Prudential discretionary authority. See Summary Plan Description at 37.  The language setting forth when a participant is entitled to disability payments states: "You are disabled when Prudential determines that" certain conditions are met. Motion for Determination, Exhibit B, Long Term Disability Coverage at 10 ("Long Term Disability Coverage").

Many courts, including the Tenth Circuit, have interpreted similar language and construed the language as giving the Plan administrator discretionary authority.  See Roach v. Prudential Ins. Brokerage, Inc., 62 Fed.Appx. at 294, 299 (concluding that language such as "Total Disability exists when Prudential determines that all of these conditions are met" gave the Plan administrator discretionary authority); Formica v. Prudential Ins. Co. of Am., 162 Fed.Appx. 250, 251 (4th Cir. 2006)(finding that language stating that the plaintiff is to receive benefits for a "[t]otal disability" if "Prudential determines," inter alia, that he is "not able to perform, for wage or profit, each and every of the material and substantial duties of [his] occupation" gave the Plan administrator discretionary authority); Shapiro v. Prudential Ins. Co. of Am., 86 Fed. Appx. 493,  493-94 (3rd Cir. 2004)(finding language stating that "[t]otal Disability exists when Prudential determines that all of these conditions are met" gave the Plan administrator discretionary authority).  In McGraw v. Prudential Insurance Co. of America, 137 F.3d 1253 (10th Cir. 1998), the Tenth Circuit found that language stating that "[t]o be considered 'needed', a service or supply must be determined by Prudential to meet all of these tests . . . expressly gives Prudential discretion to decide what is medically necessary." Id. at 1256,1259.  Thus, Prudential has discretionary authority to interpret

the terms of the plan and to determine eligibility for benefits.  Accordingly, the proper standard of review is a sliding-scale arbitrary-and-capricious standard.  Furthermore, while Prudential states that it is confident that it can meet the burden, the Court need not decide this issue at this stage.

### III. THE COURT'S REVIEW IS LIMITED TO THE EVIDENCE AND TO THE ARGUMENTS PRESENTED TO PRUDENTIAL ON OR BEFORE THE DAY OF ITS FINAL DECISION TO TERMINATE BENSON'S LONG-TERM DISABILITY BENEFITS.

While Prudential is confident it can meet the burden of proving the reasonableness of its decision pursuant to the traditional arbitrary-and-capricious standard, this burden does not impact the scope of discovery.  Discovery is limited to the Administrative Record.  And that Prudential has a greater burden under the "sliding scale," because it was both the insurer and the administrator, does not impact this limitation.

When the standard of review is arbitrary and capricious, there is not a need for an exception to the rule.  While there is a controversy, the nature of the conflict is not in dispute.  Prudential has admitted that it was the insurer and the administrator of the Plan, and thus it has a higher burden. Accordingly, there is no reason to conduct discovery on the nature of the conflict.

Moreover, the exhibits and witnesses "identified below" in the Joint Status Report would not shed light on the nature of the conflict.  The witnesses include only Benson and his physicians.  The exhibits are: (i)  the Administrative-Claims file; (ii) the Social-Security claims file; (iii) an Allsup, Inc. administrative file; and (iv) Benson's medical records.  The only applicable exhibit is the Administrative-Claims file.

Prudential contends that it was not required to consider Benson's Social-Security claims file. The Court need not decide that issue on this motion.  It is sufficient for the Court to conclude that none of the witnesses or documents have any bearing on the nature of the conflict at issue.  If

Prudential did not consider certain items, that may have been arbitrary and capricious, but the parties do not need to conduct discovery for the Court to make that determination and for Benson to make that argument.

By trying to have the Court consider evidence outside of the Administrative Record, it appears that Benson is attempting to get a second chance at proving his disability. Tenth Circuit law does not permit such efforts. All that is relevant is what Prudential had before it at the time it made its decision to terminate benefits. This information is in the material that the Administrative Record contains. If Benson failed to provide information to Prudential at the time it made its decision, such information cannot now be used against Prudential. The sole focus of the Court's review is whether the information Prudential had substantially supports its decision. Thus, there is no sound reason to permit discovery to go outside the Administrative Record.

Benson argues, however, that the Administrative Record, as Prudential has provided, is incomplete. Benson states: "The fact that the Social Security Administration award is not part of the record indicates that the Court cannot be confident that other items are not conveniently missing from the Administrative Record. The only way to ever know what is missing is to conduct complete discovery." Plaintiff's Brief at 13. Furthermore, at the December 21, 2007 hearing, Benson noted that he had uncovered a letter from Prudential that was not in the Administrative Record and that Prudential admitted should be part of the Administrative Record. See Tr. at 9:21-25 (Sandoval). Benson further stated: "So we have an admission by Prudential that there are documents out there . . . [related to] the finding of total disability that are not part of the administrative record." Id. at 10:3-6 (Sandoval). Because the Court understands the importance of having a complete Administrative Record, it will permit Benson to conduct informal discovery for ninety days from

-18-

the date of the December 21, 2007 hearing to determine if other documents exist that should be included in the Administrative Record.  See id. at 21:25-22:1 (Court). Benson must send the Defendants a letter by March 21, 2008 stating what additional materials he wants to add to the Administrative Record. See id. at 22:1-4.  The Court further instructs the parties to contact the Court by April 7, 2008, if they cannot agree on the proper contents of the Administrative Record.  See id. at 22:4-9 (Court).  All parties agree that the Courts' orders are appropriate.  See id. at 22:12-14 (Sandoval, Court & Safarik).  Nevertheless, while the Court agrees that it is important to review a complete Administrative Record, the Court does not believe that any other discovery is necessary or appropriate at this point in the litigation.

IT IS ORDERED that the proper standard of review for this case is a sliding-scale arbitrary and capricious standard.  The Court will limit its review of the evidence to the Administrative Record, which is the evidence and arguments presented to Prudential on or before the day it made its final decision to terminate the Plaintiff's long-term disability benefits.  The Court will allow the Plaintiff to conduct informal discovery for ninety days from the date of the December 21, 2007 hearing to determine if there are additional materials to be added to the Administrative Record.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Turner W. Branch
Richard A. Sandoval
Branch Law Firm
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Joe L. McClaugherty
Tamara R. Safarik
McClaugherty & Silver, P.C.
Santa Fe, New Mexico

-- and --

Shana Pennington
Lewis and Roca LLP
Albuquerque, New Mexico

-- and --

Stephen M. Bressler
Lewis and Roca LLP
Phoenix, Arizona

-- and --

Brenden Griffin
Lewis and Roca, LLP
Tucson, Arizona

      *Attorneys for the Defendants*