# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LARRY BENSON,

        Plaintiff,

vs.                                   No. CIV 07-0587 JB/ACT

PRUDENTIAL FINANCIAL, INC. PRUDENTIAL
INSURANCE COMPANY OF AMERICA, and
LARRY H. MILLER MANAGEMENT CO.
LONG-TERM DISABILITY PLAN,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Lift Stay Given Defendant's Position that Plaintiff Must Prove Authenticity, Foundation, and Completeness of the Allsup and Social Security Administration Files Before Seeking to Supplement the Administrative Record, filed May 28, 2008 (Doc. 47)("Motion to Lift Stay"). The primary issue is whether the Court should lift the stay on discovery and permit Plaintiff Larry Benson to conduct limited discovery which would include taking depositions under rule 30(b)(6) of the Federal Rules of Civil Procedure to establish the authenticity, foundation, and completeness of documents with which he wishes to supplement the Administrative Record. Because the Court believes that it is unlikely that it will allow Benson to supplement the Administrative Record, the Court will deny his motion to conduct the discovery that he requests.

## FACTUAL BACKGROUND

On April 13, 2005, the Defendants[1] sent Benson a letter encouraging him to seek Social Security disability benefits.  See First Amended Complaint ¶ 14, at 3, filed October 17, 2007 (Doc. 18)("First Amended Complaint"); Answer to Plaintiff's First Amended Complaint ¶ 11, at 3, filed October 29, 2007 (Doc. 21)("Answer").  Prudential also paid Allsup Inc. to assist  Benson in acquiring Social Security disability benefits.  See First Amended Complaint   ¶ 14, at 3; Answer ¶ 11, at 3.  Benson received Social Security disability benefits following his first claim, where the Social Security Administration ("SSA") determined that Benson was disabled and thus entitled to cash benefits.  See First Amended Complaint ¶ 15, at 3; Answer ¶ 12, at 3.

On July 12, 2006, the Prudential Defendants terminated Benson's long-term disability benefits under the policy.  See First Amended Complaint ¶ 18, at 4; Answer ¶ 13, at 3.  The Defendants allege that termination of Benson's benefits was based on information obtained from Benson, from his medical providers, from his employer, and from independent examinations of his medical records.  See Answer ¶ 13, at 3.  The Defendants note that they denied Benson's claim after five medical reviews by four different doctors supported denying the claim.  See Motion to Lift Stay, Exhibit A, Letter from Brenden Griffin to Richard Sandoval at 2 (dated March 26, 2008).  The Defendants also note that the Allsup and SSA documents with which Benson wants to supplement the Administrative Record are dated approximately one year before the date Prudential[2] made its decision to terminate Benson's long-term disability benefits.  See id.

_____

[1] Because the parties do not seem to differentiate between the various Defendants for the purpose of this motion, the Court uses the term Defendants to refer to all of the Defendants.

[2] The Court notes that the parties do not specify, in their briefing, whether the term "Prudential" refers to Prudential Financial, Inc. or Prudential Insurance Company of America.

## PROCEDURAL BACKGROUND

Because Benson's claim arose from his employer's group-disability plan, this case is an ERISA case.  Under ERISA, this case is treated as an administrative appeal.  The Court sits as an appellate court to review the underlying administrative decision.  Like with most appeals, the administrative record – claim file – generally remains closed, and the Court reviews that closed record and the underlying decision under the applicable standard of review.

At the scheduling conference, the Court directed, with the parties' consent, that the parties be placed on a briefing schedule to allow the Court to rule on some of the key issues of the case before discovery is conducted.  See FTR 10:10-10:13 (recorded October 24, 2007).  The parties filed their respective briefs, and the Court held a hearing on December 21, 2007.  See Defendant's Motion for Determination of the Applicable Standard of Review and the Scope of Discovery, filed November 16, 2007 (Doc. 25);  Plaintiff's Response to Defendant's Motion [sic] for Determination of the Applicable Standard of Review and the Scope of Discovery, filed December 4, 2007 (Doc 30);  Plaintiff's Brief in Support of De Novo Standard of Review or in the Alternative A Sliding Scale Arbitrary and Capricious Standard of Review, filed November 15, 2007 (Doc. 22); Defendants' Response Brief in Opposition to Plaintiff's Brief in Support of De Novo Standard of Review or in the Alternative a Sliding Scale Arbitrary and Capricious Standard of Review, filed December 4, 2007 (Doc. 31).

Besides the standard-of-review issue, the prior briefing and the December 21, 2007 hearing also addressed: (i) whether the Court should allow Benson to conduct discovery; (ii) whether the Court should allow Benson to supplement the Administrative Record; and (iii) the import, if any, to place on the SSA's award to Benson during the time when the Defendants were also paying his

claim. See Defendant's Motion for Determination of the Applicable Standard of Review and the Scope of Discovery, filed November 16, 2007 (Doc. 25);  Plaintiff's Response to Defendant's Motion [sic] for Determination of the Applicable Standard of Review and the Scope of Discovery, filed December 4, 2007 (Doc 30); Plaintiff's Brief in Support of De Novo Standard of Review or in the Alternative A Sliding Scale Arbitrary and Capricious Standard of Review, filed November 15, 2007 (Doc. 22); Defendants' Response Brief in Opposition to Plaintiff's Brief in Support of De Novo Standard of Review or in the Alternative a Sliding Scale Arbitrary and Capricious Standard of Review, filed December 4, 2007 (Doc. 31).

At the hearing, the Court stated that it was not inclined to grant Benson's request to take rule 30(b)(6) depositions.  See Transcript of Hearing at 22:17-25 (taken December 21, 2007)("Tr."). Also at the hearing on December 21, 2007, as to the other issues, the Court ordered that the parties confer over supplementing the Administrative Record with SSA records and with records from Allsup Inc.  See Tr. at 24:12-25 (Court, Sandoval & Safarik).  The Court requested that the parties inform the Court, by letters or by brief, of their position regarding supplementation of the Administrative Record.  If the parties could not agree on supplementation, then they were to brief the issue and provide such briefs or letters to the Court by the end of business on April 7, 2008.  See id.

At the December 21, 2007 hearing, however, the Court questioned whether Benson needed the SSA or Allsup Inc. records to argue that the Defendants abused their discretion by not considering those records a year later when it denied his claim.  See Tr. at 8:8-15 (Court).

Since the scheduling conference, Benson's counsel and the Defendants have engaged in detailed, good-faith discussions and negotiations regarding the Administrative Record, on

-4-

supplementation of the record, and about settlement.  The parties conferred by telephone and letter.  <u>See</u> Defendants' Response to Plaintiff's Motion to Lift Stay and Position Regarding Supplementation of the Record, ("Response"), Exhibit B, Letter from Turner Branch to Stephen Bressler, Brenden Griffin, and Shana Pennington (dated March 24, 2008)("March 24 Letter"); Response, Exhibit C, Letter from Brenden Griffin to Richard Sandoval (dated March 26, 2008)("March 26 Letter").  In a March 24, 2008 letter, Benson's counsel confirmed that Benson seeks to supplement the record with the Allsup file and with portions of the SSA file.  <u>See</u> March 24 Letter at 1-2.  According to Benson, attached to his letter from March 24, 2008 was a copy of all documents that the SSA has in their possession that the Administrative Record lacks and a copy of the entire file from Allsup.  <u>See id.</u>  Benson indicated that he believes these documents should supplement the current Administrative Record.  <u>See id.</u>

In a March 26, 2008 letter responding to Benson's position on supplementation, the Defendants' counsel listed six independent reasons against supplementation.  <u>See</u> March 26 Letter at 1-2.  As one of the reasons, the Defendants indicated that Benson needed to prove up authenticity, foundation, and completeness of both the SSA and Allsup files before seeking to supplement the Administrative Record with the noted documents.  <u>See id.</u> at 2.  The Defendants also pointed out that Benson, at this point, could not confirm that he was in possession of the complete Allsup and SSA file, and requested that he send the entire file to the Defendants.  <u>See id.</u>

The Defendants' letter listed five other reasons against supplementation: (i) the general rule under ERISA is that the Administrative Record remains closed; (ii) during the appeal-claim process, the Defendants told Benson and his former counsel that they should provide any medical evidence that they believed supported his appeal and yet they did not provide the Allsup or SSA records to

the Defendants; (iii) there is no evidence that the Allsup and SSA records were in the Defendants'

possession when they denied Benson's claim, and thus had no bearing on that discretionary denial;

(iv) the Allsup Inc. and SSA records and award are dated during a time when the Defendants were

paying Benson's claim; the Defendants did not deny the claim until a year after the SSA award, and

thus comparing the SSA award to the Defendants' denial a year later would be an "apples-to-

oranges" comparison; and (v) along these same lines, unlike the Defendants' discretionary decision

to deny benefits, the SSA's decision a year earlier to pay benefits is likely not supported by five

medical reviews performed by four separate doctors.  <u>See</u> March 26 Letter at 1-2; Response at 4.

        The parties have not been able to resolve the matter.  While there have been agreements on

the extension of various deadlines, the parties have been unable to substantively resolve these issues.

Benson has informed the Court that it is his position that the Administrative Record should be

supplemented in this case, where there are exceptional circumstances that must be explored to ensure

a just and fair resolution by the Court.  <u>See</u> Plaintiff's Response to Defendant's Motion [sic] for

Determination of the Applicable Standard of Review and the Scope of Discovery at 3-5.  The

Defendants have indicated that they are against any supplementation of the Administrative Record.

<u>See</u> March 26 Letter at 1.

        On May 28, 2008, Benson filed his Motion to Lift the Discovery Stay.  <u>See</u> Motion to Lift

Stay. Benson moves the Court for permission to conduct limited discovery, including rule 30(b)(6)

depositions of corporate representatives.  <u>See</u> <u>id.</u> ¶ 6, at 2.  Based on the Defendants' position

regarding authenticity, foundation, and completeness of the Allsup and SSA files before

supplementing the Administrative Record, Benson requests that the Court allow him to conduct

limited discovery, including rule 30(b)(6) depositions of record custodians.  <u>See</u> Motion to Lift Stay

¶ 6, at 2.  Benson states that the Defendants have previously noted that they oppose his request. <u>See</u> <u>id.</u> ¶ 7, at 2.

On June 12, 2008, the Defendants filed their Response to Plaintiff's Motion to Lift Stay and Position Regarding Supplementation of the Record.  <u>See</u> Response.  This document constitutes the Defendants' response and opposition to Benson's Motion to Lift Stay.  <u>See</u> <u>id.</u>  The Defendants further submitted their position with respect to supplementation of the Administrative Record. <u>See</u> Response at 4-8.  Specifically, the Defendants argue  that the Court should: (i) deny Benson's motion to lift the discovery stay to take rule 30(b)(6) depositions to establish the foundation and authenticity of third-party records from the SSA and Allsup, Inc.; the Defendants maintain that, at most, Benson should be allowed to subpoena those third parties; and (ii) not allow him to use those records to supplement the underlying Administrative Record. <u>See</u> Response at 1.

On June 19, 2008, Benson's counsel wrote the Court a letter, stating that the parties were unable to come to an agreement regarding supplementation of the record. <u>See</u> Letter to the Court from Richard Sandoval, filed June 19, 2008 (Doc. 50). Benson further stated that he would promptly provide the Court with a detailed brief on supplementation of the record.  <u>See</u> <u>id.</u>

On July 9, 2008, the Court issued a Memorandum Opinion and Order stating that it will review the Defendants' denial of Benson's claim under an a sliding-scale arbitrary-and-capricious standard. <u>See</u>  Memorandum Opinion and Order at 19, filed July 9, 2008 (Doc. 57)("Memorandum Opinion and Order").  The Court also held  that it will limit its review of the evidence to the Administrative Record, which is the evidence and arguments presented to Prudential on or before the day it made its final decision to terminate Benson's long-term disability benefits.  <u>See</u> <u>id.</u> at 19. The Court also ruled that it will allow Benson to conduct informal discovery for ninety days from

the date of the December 21, 2007 hearing to determine if there are additional materials to be added to the Administrative Record. See id.

On July 10, 2008, Benson filed Plaintiff's Brief in Support of Supplementation of the Administrative Record, filed July 10, 2008 (Doc. 58), that he had promised in his June 19, 2008 Letter to the Court. See Letter to the Court from Richard Sandoval, filed June 19, 2008 (Doc. 50).

## LAW REGARDING SUPPLEMENTATION OF RECORD UNDER ERISA

In cases in which the arbitrary-and-capricious standard applies, the court's review, and thus discovery, is generally limited to the Administrative Record. See Roach v. Prudential Ins. Brokerage, Inc., 62 Fed.Appx. 294, 298 (10th Cir. 2003); Chambers v. Fam. Health Plan Corp., 100 F.3d 818, 823-24 (10th Cir. 1996); Lafayette v. Cobb, 385 F.Supp.2d 1162, 1166 (D.N.M. 2005)(Hansen, J.)("The Court is limited to that evidence that was before the administrator at the time of the benefits decision."); Basquez v. E. Central Okla. Elec. Coop., Inc., No. CIV-06-487-SPS, 2008 WL 906166 *8 (E.D. Okla. March 31, 2008)("When applying the arbitrary and capricious standard of review, it is plain error to supplement the administrative record with extrinsic evidence.")(quotation omitted). "The Tenth Circuit law is clear -- review by this Court is limited to the evidence presented to the plan administrator, and the presence of a conflict of interest merely results in the adjustment of the standard of review." Spangler v. UNUM Life Ins. Co. of Am., 38 F.Supp.2d 952, 955 (N.D. Okla. 1999). See Panther v. Synthes (U.S.A.), 371 F.Supp.2d 1267, 1275 (D. Kan. 2005)("The Tenth Circuit directs the court to look only at the arguments and evidence considered by [the administrator] when the eligibility determination is subject to the arbitrary and capricious standard of review, as it is here. [The administrator]'s inherent conflict of interest does not change this outcome.").

Furthermore, in <u>Roach v. Prudential Insurance Brokerage, Inc.</u>, the Tenth Circuit stated:

> If a plan participant fails to bring evidence to the attention of the administrator, the participant cannot complain of the administrator's failure to consider this evidence. [A plaintiff] is not entitled to a second chance to prove his disability. The district court's responsibility lay in determining whether the administrator's actions were arbitrary or capricious, not in determining whether [the plaintiff] was, in the district court's view, entitled to disability benefits. In effect, a curtain falls when the fiduciary completes its review, and for purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision.

62 Fed.Appx. at 296 (quoting <u>Sandoval v. Aetna Life and Casualty Ins. Co.</u>, 967 F.2d 377, 381 (10th Cir. 1992)).  In <u>Sandoval v. Aetna Life and Casualty Insurance Co.</u>, the Tenth Circuit stated:

> In effect, a curtain falls when the fiduciary completes its review, and for purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision. The district court's subsequent finding based upon later-developed evidence that [the plaintiff] was psychologically disabled was irrelevant to this inquiry and therefore exceeded the scope of the court's review.

<u>Id.</u> at 380-81 (internal citations omitted).  Even in cases of de-novo review, it is "the unusual case in which the district court should allow supplementation of the record."  <u>Hall v. UNUM Life Ins. Co. of Am.</u>, 300 F.3d 1197, 1203 (10th Cir. 2002).

In <u>Hall v. UNUM Life Insurance Company of America</u>, the Tenth Circuit stated:

> In most cases, where additional evidence is not necessary for adequate review of the benefits decision, the district court should only look at the evidence that was before the plan administrator or trustee at the time of the determination. The party seeking to supplement the record bears the burden of establishing why the district court should exercise its discretion to admit particular evidence by showing how that evidence is necessary to the district court's de novo review.

<u>Id.</u> (internal citations and quotation marks omitted). The Tenth Circuit in  <u>Hall v. UNUM Life Insurance Co. of America</u> further stated that:

> the best way to implement ERISA's purposes in this context is ordinarily to restrict de novo review to the administrative record, but to allow the district court to

> supplement that record when circumstances clearly establish that additional evidence
> is necessary to conduct an adequate de novo review of the benefit decision.

Id. at 1202 (internal quotation marks omitted).  Thus, permitting the court to review information outside the Administrative Record and permitting the parties to conduct discovery outside the Administrative Record is a rare event, and the exception rather than the rule.  As the Honorable C. LeRoy Hansen, Senior United States District Judge, explained in Lafayette v. Cobb: "While the Court may exercise its discretion to supplement the administrative record where it conducts a de novo review, there is no authority for doing so where the Court employs a deferential standard of review, even where that standard is changed by the insurer's conflict of interest."  Lafayette v. Cobb, 385 F.Supp.2d at 1167 (citing Hall v. UNUM Life Ins. Co. of Am., 300 F.3d at 1200-1201; Chambers v. Fam. Health Plan Corp., 100 F.3d at 825; Sandoval v. Aetna Life and Cas. Ins. Co., 967 F.2d at 380).

In Metropolitan Life Insurance Co. v. Glenn, No. 06-923, 2008 U.S. LEXIS 5030 (June 19, 2008), the Supreme Court of the United States set aside MetLife's denial of ERISA benefits where the administrator had discretionary authority, but there were "serious concerns" regarding MetLife's conflict of interest.  Id. at ** 23-24.  Specifically, MetLife encouraged the plaintiff to argue to the SSA that she could not work, MetLife received the bulk of the benefits of her success in doing so by being entitled to recover an offset from her retroactive Social Security award, and MetLife then disregarded the SSA's finding.  Id. at *8. The Supreme Court stated that, while other factors may be considered, the conflict "should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision." Id. at *21.  See Boyd v. Am. Elec. Power Sys. Long-Term Disability Plan, No. 2:06-CV-161, 2007 WL 2778667 * 6 (S.D. Ohio Sept. 21, 2007)(directing reinstatement of benefits where plaintiff was required to

use Allsup Inc. and the complete record was not considered by the plan administrator, stating that " [t]he fact that plaintiff's LTD benefits were terminated based on reviews of some but not all the evidence suggests that defendant's decision was not based on a deliberate, principled reasoning process.")(internal quotations omitted).

> With an inherent conflict, at least one court has stated:

> [T]he court will therefore automatically apply the least deferential review by requiring the plan administrator to "bear[s] [sic] the burden of proving the reasonableness of its decision pursuant to this court's traditional arbitrary and capricious standard" and will "take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest."

Slocum v. UNUM Life Ins. of Am., No. 06-1143-JTM, 2007 WL 2461690 at *4 (D.Kan. Aug. 28, 2007)(quoting Fought v. UNUM Life Ins. Co. of Am., 379 F.3d 997, 1006 (10th Cir. 2004)).  The court in Slocum v. UNUM Life Insurance of America emphasized that, "since all inherent conflict situations are to be treated the same on review by the court, once one type of inherent conflict is established or admitted in a case, there is no reason to produce evidence to establish another type of 'inherent conflict." Id. (internal quotations omitted).  The court in Slocum v. UNUM Life Insurance of America then held that, "since it is admitted that Defendant is both insurer and acts as plan administrator, there is no reason to allow discovery as to whether there is a proven conflict or a situation where there is a "serious procedural irregularity." Id. (internal quotations omitted).

Thus, no discovery is needed if the "inherent" conflict already instructs the court to apply a "sliding scale" approach to its discretionary review when, like here, an inherent "conflict of interest is apparent or admitted, additional discovery is unnecessary." Id. (quoting Spangler v. UNUM Life Ins. Co. of Am., 38 F.Supp.2d at 955-56).

## ANALYSIS

While the Court need not, on this motion, determine whether it will supplement the Administrative Record, it is unlikely that the Court will allow supplementation. Accordingly, it is unlikely that there will be a need to authenticate or lay a foundation for the documents that Benson desires to add to the Administrative Record. Accordingly, the Court will deny Benson's motion.

### I.  THE COURT IS INCLINED TO DENY BENSON'S REQUEST TO SUPPLEMENT THE ADMINISTRATIVE RECORD.

The Court previously ruled that it will review the Defendants' denial decision under a sliding-scale, arbitrary-and-capricious standard. See Memorandum Opinion and Order at 19. Under ERISA, an arbitrary-and-capricious review is generally limited to the Administrative Record. See Roach v. Prudential Ins. Brokerage, Inc., 62 Fed.Appx. at 298. The Defendants' operating under an inherent conflict of interest does not change the law about review being limited to the Administrative Record. Thus, while the Court need not decide definitively the supplementation issue on this motion, the Court is not, on the record before it, and at this stage of the proceedings, inclined to supplement the Administrative Record.

### II.  THE COURT WILL DENY BENSON'S REQUEST FOR DISCOVERY.

Benson argues that, given the Defendants' position, the Court must afford him the opportunity to conduct discovery to prove the "authenticity, foundation, and completeness of both files before seeking to supplement the administrative record." Motion to Lift Stay ¶ 4, at 2. Benson maintains that the authenticity, foundation, and completeness of these files is important to his claims. See id. ¶ 5, at 2. The Court believes, however, that those records have no direct bearing on the sole substantive issue the Court must decide: whether the Defendants abused their discretion when they relied on the arguments and documents before them to conclude that Benson's condition did not

-12-

entitle him to long-term disability benefits.

**A.    THE DEFENDANTS' INHERENT CONFLICT DOES NOT JUSTIFY DISCOVERY TO SUPPLEMENT THE RECORD.**

The general limitation on supplementation of the Administrative Record is an independent basis to deny Benson's motion to lift the discovery stay and to keep the Administrative Record closed.  There is no need to conduct discovery if Benson cannot supplement the record with it. This principle follows because the inherent conflict already instructs the Court to apply a "sliding scale" approach to its discretionary review.

No discovery is needed to convince the Court to take that approach.  To the extent that Benson hinges his discovery request on proving up a conflict of interest, such inherent conflict has already been established, because the Defendants both funded and administered claims under Benson's disability plan.  As Judge Hansen stated in <u>Lafayette v. Cobb</u>: " The question at issue here is not whether the Plaintiff is entitled to benefits, but whether [the administrator's] decision to deny benefits was arbitrary or capricious." 385 F.Supp. at 1167 (citation omitted).  Accordingly, the Defendants' March 26, 2008 letter is not an excuse to lift the discovery stay so that Benson can take rule 30(b)(6) depositions to establish the authenticity and foundation of the Allsup and SSA files.

**B.    BENSON CAN ARGUE ABUSE OF DISCRETION WITHOUT SUPPLEMENTING THE RECORD.**

The primary premise of Benson's argument that the Defendants abused their discretion by not collecting the SSA and Allsup records is that the Defendants did not collect the records, and does not necessarily depend on what those records specifically say.  <u>See</u> Plaintiffs' Response to Defendant's Motion [sic] for Determination of the Applicable Standard of Review and the Scope of Discovery at 4, filed December 4, 2007 (Doc. 30)("The issue for Mr. Benson is whether or not

the Prudential Defendants arbitrarily ignored the Social Security Administration determination of Mr. Benson[']s total and complete disability that was before them when making their decision."). The only reason to collect those records and see what they say is for Benson to try to convince the Court that those records impact the substantive question whether he was disabled at the time Prudential terminated his long-term disability benefits one year later. That question, however, is not the one for the Court to decide on review.

As the Court will likely explain when it decides possible future motions for summary judgment on the Administrative Record, the question is not whether the Defendants made the right decision, as the Defendants contend that they did, but the more narrow question whether the Defendants made a reasonable decision and did not act arbitrarily and capriciously in making their determination. See Lafayette v. Cobb, 385 F.Supp.2d at 1167. The SSA award neither binds nor estops the Defendants from exercising their own discretion a year later, after receiving five medical reviews by four different doctors, to deny Benson's claim. See, e.g., Meraou v. Williams Co. Long Term Disability Plan, 221 Fed.Appx. 696, (10th Cir. 2007)(stating that: "[t]he determination of disability under the Social Security regime cannot be equated with the determination of disability under the ERISA regime."). An SSA award is, however, something that the Court can consider when assessing whether the Defendants acted arbitrarily and capriciously in making their determination.

## III.    THE COURT WILL NOT, AT THIS TIME, ALLOW ANY RULE 30(b)(6) DEPOSITION OR OTHER DISCOVERY.

For the same reasons that the Court will likely not allow Benson to supplement the Administrative Record with the Allsup and SSA records, the Court will also not allow him to conduct discovery to prove up the authenticity of and foundation for those records. There is no need

to establish authenticity and lay the foundation, at least at this time, for records that should not be used to supplement the Administrative Record.  If authenticity or other foundation issues later become necessary for the Court to consider, Benson can perhaps subpoena those records and use a custodian-of-records affidavit to establish authenticity and lay foundation rather than take rule 30(b)(6) depositions to get foundational information.  In conclusion, the Court will deny Benson's Motion to Lift the Discovery Stay and will not allow him to supplement the Administrative Record at this time.

**IT IS ORDERED** that the Plaintiff's Motion to Lift Stay Given Defendant's Position that Plaintiff Must Prove Authenticity, Foundation, and Completeness of the Allsup and Social Security Administration Files Before Seeking to Supplement the Administrative Record is denied.


_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

Turner W. Branch
Richard A. Sandoval
Amanda M. Romero
Branch Law Firm
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

-15-

Shana Pennington
Lewis and Roca LLP
Albuquerque, New Mexico

-- and --

Stephen M. Bressler
Lewis and Roca LLP
Phoenix, Arizona

--and--

Brenden Griffin
Lewis and Roca, LLP
Tucson, Arizona

    *Attorneys for the Defendants*